FILED

DEC 18 2014

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN D. ROACH,  )
         Plaintiff,  )  Civil No. 1:14-cv-00406 (RCL)
         v.  )
PRESIDENT BARACK OBAMA, et al.,  )
         Defendants.  )

## MEMORANDUM OPINION

Before the Court are defendants' Motions to Dismiss (ECF Nos. 6 and 11)—one filed by CGI Federal Inc., CGI Group Inc., Michael Roach, George Schindler, and Donna Ryan (collectively, "CGI defendants"), and the other filed by Verizon Communications Inc. and Lowell McAdam (collectively, "Verizon defendants")—and the Statement of Interest of the United States requesting dismissal of the claims of plaintiff Steven D. Roach against all government defendants *sua sponte* (ECF No. 4). Upon consideration of defendants' motions and taking up plaintiff's claims against the government defendants *sua sponte*, this Court GRANTS defendants' Motions to Dismiss and DISMISSES plaintiff's complaint against all defendants for the reasons stated below.[1]

### I. BACKGROUND

Plaintiff's complaint contains detailed allegations of the historical background of President Barrack Obama and his citizenship. Compl. 5-14. Although the complaint is difficult to navigate, plaintiff's ultimate assertion is that President Barrack Obama is not a citizen of the

---

[1] Pending in this case are also plaintiff's Motion to Certify Class (ECF No. 17) and Motion for Preliminary Injunction (ECF No. 18), and defendants' Motion to Hold in Abeyance plaintiff's outstanding motions (ECF No. 20). These motions are DENIED as moot because, pursuant to the Order issued with this opinion, this case is dismissed in its entirety.

1

United States of America and is therefore ineligible to hold the office of President. Plaintiff claims that "defendant President's laws, rules, regulations, executive orders and appointments are subject to a sustained objection and a demand for an exemption or other relief, as requested." *Id.* at 19. Plaintiff also asserts that "[i]nstead of investigating and curing the defect after notice of the allegation defendant President was ineligible, defendants engaged in a scheme to use government resources for surveillance and to track, watch, harass, interfere, intimidate, pen register and discourage Plaintiff from pursuing the allegations and further exposing corruption and subversion of the U.S. Const." *Id.* at 22. The complaint does not specify the actions in which each of the individual defendants engaged, but only that the defendants as a unit are responsible for covering up the President's ineligibility and attempted to quiet plaintiff from making this information public.

## II. LEGAL STANDARDS

Because this Court finds that plaintiff has failed to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), an argument raised by all defendants, this opinion will address only the Rule 12(b)(6) argument for dismissal.

### A. Rule 12(b)(6) Dismissal

For plaintiff's complaint to survive a motion to dismiss pursuant to Rule 12(b)(6), it must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Although a court must accept factual allegations as true, it is "not bound to accept as true a legal conclusion

couched as a factual allegation." *Twombly*, 550 U.S. at 555. Factual allegations must "raise a right to relief above the speculative level." *Id.* Mere recitals of the elements of a cause of action supported only by conclusory statements are not enough to survive a motion to dismiss. *Id.* at 556; *see also Iqbal*, 556 U.S. at 677-78.

## III. DISCUSSION

This Court has difficulty comprehending exactly what are plaintiff's claims. It appears that plaintiff is seeking redress for tortious actions carried out by the defendants because plaintiff states in his complaint that he is seeking monetary relief pursuant to the Federal Tort Claims Act ("FTCA"). Compl. 31. It seems plaintiff believes the tortious actions were the defendants' alleged activities undertaken to cover up the President's ineligibility for office. *Id.* Plaintiff also uses language such as "conspire," "conspiracy," "defraud," and "fraudulent" throughout his complaint. This Court notes that plaintiff may be claiming conspiracy and fraud on the part of the defendants. Whatever the claims plaintiff may be asserting, all claims are dismissed because plaintiff does not state a single claim for relief in his complaint to satisfy the federal pleading standards.[2] All of the defendants have argued that the plaintiff's complaint fails to state a claim for which relief can be granted and the plaintiff does not dispute these arguments in his oppositions.

Plaintiff's complaint contains little factual information and several conclusory legal statements. The complaint is not clear about which cause or causes of action plaintiff is bringing this case under. As noted above, plaintiff may be claiming fraud, tort violations, or conspiracy. Plaintiff does not describe the elements of any of the possible causes of action this Court can

---

[2] CGI defendants assert as an argument for dismissal that plaintiff does not have standing because he "has identified no particularized, concrete, or redressable injury" caused by defendants." CGI Def.s' Mot. to Dismiss 4. Although this is a compelling argument to dismiss plaintiff's claims against all of the defendants, it is enough for this Court to dismiss this case for plaintiff's failure to state a claim.

conceivably glean from the complaint. Furthermore, because of the sparse factual information, this Court cannot infer that the elements of the possible causes of action have been satisfied. The complaint itself does not attempt to apply any facts to a specific cause of action. Indeed, after identifying the defendants in this action, plaintiff does not explain which defendant is responsible for what actions. Instead, plaintiff primarily indicates that his grievances are with the actions of the "defendants" without specifying which actions of which defendant. This Court cannot infer from the factual information provided that plaintiff has stated a plausible cause of action; therefore, the defendants' Motions to Dismiss are GRANTED. Additionally, this Court undertakes a review *sua sponte* of plaintiff's claims against the defendant government offices and current and former government employees. After reviewing the Statement of Interest of the United States and plaintiff's Opposition thereto, this Court DISMISSES all claims against the government defendants because the plaintiff failed to state a claim for which relief can be granted.

### IV. CONCLUSION

In sum, the CGI defendants' and the Verizon defendants' Motions to Dismiss plaintiff's complaint for failure to state a claim are GRANTED. Additionally, plaintiff's claims against the government defendants are DISMISSED. There are no remaining claims pending in this matter.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, on December 18, 2014.